# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP307-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Marc G. Kurzman, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>    Complainant, <br>   v. <br> Marc G. Kurzman, <br>    Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KURZMAN

| | |
|---|---|
| OPINION FILED: | May 10, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| |
|---|
| SOURCE OF APPEAL: |
|  COURT: |
|  COUNTY: |
|  JUDGE: |

| |
|---|
| JUSTICES: |
|  CONCURRED: |
|  DISSENTED: |
|  NOT PARTICIPATING: |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP307-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Marc G. Kurzman, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

   **v.**

**Marc G. Kurzman,**

      **Respondent.**

**FILED**

**MAY 10, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1  PER CURIAM. We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Marc G. Kurzman. In the stipulation, Attorney Kurzman agrees with the OLR's position that his misconduct warrants the imposition of a 60-day suspension as discipline reciprocal to that imposed on him in Minnesota.

¶2   After fully reviewing the stipulation and the facts of this matter, we accept the stipulation and impose the 60-day suspension jointly requested by the parties.

¶3   Attorney Kurzman was admitted to practice law in Wisconsin in 2003. Attorney Kurzman's Wisconsin disciplinary history consists of public reprimand for trust account anomalies. *Public Reprimand of Marc G. Kurzman*, 2012-OLR-12. He was admitted to practice law in Minnesota on October 20, 1972. He practices in Minneapolis, Minnesota.

¶4   On November 25, 2015, the Minnesota Supreme Court issued a 60-day suspension of Attorney Kurzman's license based on two counts of misconduct alleging five rule violations for inappropriately questioning a witness during a deposition, failing to provide two different clients with their files within a reasonable period of time, failing to submit records to the court as directed, and providing confidential materials from multiple clients to another of his clients.

¶5   The Minnesota Supreme Court found these acts violated Minn. R. Prof. Conduct 4.4(a), Minn. R. Prof. Conduct 8.4(d), Minn. R. Prof. Conduct 1.16(d), Minn. R. Prof. Conduct 1.1, Minn. R. Prof. Conduct 1.3, and Minn. R. Prof. Conduct 1.6(a). Attorney Kurzman failed to notify OLR of the Minnesota discipline within 20 days of its effective date.

¶6 On February 11, 2016, the OLR filed a complaint alleging that, by virtue of the Minnesota discipline, Attorney Kurzman is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[1] The complaint further alleged that by

---

[1] SCR 22.22 provides that:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(continued)

3

failing to notify OLR of his Minnesota discipline for professional misconduct within 20 days of the effective date of its imposition, Attorney Kurzman violated SCR 22.22(1). The OLR asked this court to issue an order directing Attorney Kurzman to inform the court of any claim by him predicated upon the grounds set forth in SCR 22.22(3) that imposition of discipline reciprocal to that imposed in Minnesota would be unwarranted.

---

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

4

¶7 On March 31, 2016, the parties filed a jointly executed stipulation whereby Attorney Kurzman agrees that by virtue of the Minnesota suspension, he is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. He agrees that the factual allegations contained in the OLR's complaint are accurate and that he committed the professional misconduct charged in the complaint. The stipulation states that Attorney Kurzman does not claim any of the defenses set forth in SCR 22.22(3)(a)-(c). The stipulation states that Attorney Kurzman fully understands the nature of the misconduct allegations against him, his right to contest those allegations, and the ramifications that would follow from this court's imposition of the stipulated level of discipline. The stipulation indicates that Attorney Kurzman understands his right to counsel and verifies that he is entering into the stipulation knowingly and voluntarily and that his entry into the stipulation represents his decision not to contest this matter. He agrees that it would be appropriate for this court to suspend his license to practice law for a period of 60 days.

¶8 Having carefully considered this matter, we approve the stipulation, adopt the stipulated facts and legal conclusions of professional misconduct, and we suspend Attorney Kurzman's license to practice law for a period of 60 days. Because Attorney Kurzman entered into a comprehensive

5

stipulation under SCR 22.12 and no referee was needed, we do not impose any costs in this matter.

¶9   IT IS ORDERED that the license of Marc G. Kurzman to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶10   IT IS FURTHER ORDERED that if he has not already done so, Marc G. Kurzman shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.